**Cathy L. Granger (SBN 156453)**
*clgranger@ww.law*
**WOLFE & WYMAN LLP**
**2301 Dupont Drive, Suite 300**
**Irvine, California 92612-7531**
**Telephone:  (949) 475-9200**
**Facsimile:   (949) 475-9203**

**Attorneys for Defendant**
**PNC BANK, N.A.**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRITISH VORA,<br><br>            Plaintiff,<br><br>    v.<br><br>PNC BANK, N.A.,<br><br>            Defendant. | **Case No.** 8:20-cv-00366-DOC-KES<br><br>**Hon. David O. Carter**<br><br>**DEFENDANT PNC BANK, N.A.'S ANSWER TO COMPLAINT** |

**TO PLAINTIFF HEREIN:**

COMES NOW, Defendant PNC BANK, N.A. (hereinafter, "PNC" or "Defendant"), and, severing itself from all others, appears, responds and objects to the Complaint filed by Plaintiff PRITISH VORA ("Plaintiff") as follows:

### Preliminary Statement

1. Paragraph 1 consists of reference to law and/or legal conclusions to which PNC is not required to, and does not, respond.

2. Paragraph 2 consists of reference to law and/or legal conclusions to which PNC is not required to, and does not, respond.

3. Paragraph 3 consists of reference to law and/or legal conclusions to which PNC is not required to, and does not, respond.

4. Paragraph 4 consists of reference to law and/or legal conclusions to

which PNC is not required to, and does not, respond.

5. Paragraph 5 consists of reference to law and/or legal conclusions to which PNC is not required to, and does not, respond.

## Jurisdiction and Venue

6. Paragraph 6 consists of reference to law and/or legal conclusions to which PNC is not required to respond. To the extent a response is required, PNC denies that circumstances exist to confer jurisdiction on this Court or any court as alleged in Paragraph 6.

7. Responding to Paragraph 7, PNC denies Plaintiff was harmed as alleged in the complaint, or at all. PNC admits it regularly conducts business within the District in which the Court is located. Regarding the remaining allegations of the paragraph, PNC lacks sufficient information or belief upon which to admit or deny the allegations, and on that basis, it denies them.

## The Parties

8. Responding to Paragraph 8, PNC lacks sufficient information or belief upon which to admit or deny the allegations, and on that basis, it denies them.

9. Paragraph 9 contains reference to law and/or legal conclusions to which PNC is not required to respond. To the extent a response is required, PNC lacks sufficient information or belief upon which to admit or deny the allegations, and on that basis, it denies them.

10. Responding to Paragraph 10, PNC denies the allegations.

11. Responding to Paragraph 11, PNC admits it is a national banking association and admits the remaining allegations of the paragraph.

12. Responding to Paragraph 12, PNC admits it does not maintain an outside registered agent for service of process, and that it may be served at 500 1st Ave., Pittsburgh, PA. PNC denies the remaining allegations of the paragraph.

13. Responding to Paragraph 13, PNC admits.

14. Responding to Paragraph 14, PNC admits it services unsecured credit

card accounts. The remainder of the paragraph consists of references to law and/or legal conclusions to which PNC is not required to respond.

15. Responding to Paragraph 15, PNC admits it is a furnisher of information to credit reporting agencies about transactions or experiences with consumers. The remainder of the paragraph consists of references to law and/or legal conclusions to which PNC is not required to respond.

16. Paragraph 16 consists of references to law and/or legal conclusions to which PNC is not required to respond.

## Statements of Fact

17. Responding to Paragraph 17, PNC incorporates as though fully set forth herein each of its responses to the foregoing paragraphs.

18. Paragraph 18 consists of references to law and/or legal conclusions to which PNC is not required to, and does not, respond.

19. Paragraph 19 consists of references to law and/or legal conclusions to which PNC is not required to, and does not, respond.

20. Paragraph 20 consists of references to law and/or legal conclusions to which PNC is not required to, and does not, respond.

21. Paragraph 21 consists of references to law and/or legal conclusions to which PNC is not required to, and does not, respond.

22. Responding to Paragraph 22, PNC lacks sufficient information or belief upon which to admit or deny the allegations, and on that basis, it denies.

23. Responding to Paragraph 23, PNC lacks sufficient information or belief upon which to admit or deny the allegations, and on that basis, it denies.

24. Paragraph 24 consists of references to law and/or legal conclusions to which PNC is not required to, and does not, respond.

25. Responding to Paragraph 25, PNC admits that in and after April 2017, Plaintiff requested "the original, signed applicable true, correct and complete front and back certified copy of a Cardholder Agreement for a PNC account" with the number

ending in 0926.

26. Responding to Paragraph 26, PNC admits Plaintiff asserted the demand identified in the paragraph, but PNC denies the paragraph reflects a proposal to which PNC was obligated to acquiesce.

27. Responding to Paragraph 27, PNC admits it received a letter from Plaintiff dated April 21, 2017. The letter speaks for itself. PNC lacks sufficient information or belief upon which to admit or deny the paragraph's remaining allegations, and on that basis, it denies them.

28. Responding to Paragraph 28, PNC denies the allegations.

29. Responding to Paragraph 29, PNC admits the PNC Bank Consumer Credit Card agreement form contains the quoted sentence.

30. Responding to Paragraph 30, PNC admits it received notice that Plaintiff wished to close his credit card account but denies this occurred in May 2017. PNC has been unable to locate a letter from Plaintiff dated May 12, 2017. Regarding the contents of correspondence from Plaintiff to PNC, such documents speak for themselves.

31. Responding to Paragraph 31, the contents of correspondences from Plaintiff to PNC speak for themselves.

32. Responding to Paragraph 32, PNC admits it understood that Plaintiff denied he owed a debt to PNC, and that he believed the matter was settled. PNC denies Plaintiff's understanding was or is valid. To the extent the paragraph contains references to, or conclusions of, law, PNC is not required to, and does not, respond.

33. Responding to Paragraph 33, PNC denies it defaulted on its obligations to Plaintiff and further denies the remaining allegations of the paragraph.

34. Responding to Paragraph 34, PNC admits it knew Plaintiff requested the closure of the account. Responding to the paragraph's remaining allegations, PNC objects that they are vague and ambiguous and therefore do not lend themselves to admission or denial; but, to the extent PNC understands the allegations to suggest

PNC did not issue further account statements after May 2017, PNC denies the allegations.

35. Paragraph 35 consists of references to law and/or legal conclusions to which PNC is not required to, and does not, respond.

36. Responding to Paragraph 36, PNC objects that the allegations are vague and ambiguous and therefore do not lend themselves to admission or denial, and on that basis, it denies them.

37. Paragraph 37 consists of references to, or conclusions of law and/or legal conclusions to which PNC is not required to, and does not, respond.

38. Responding to Paragraph 38, PNC lacks sufficient information or belief upon which to admit or deny the allegations, and on that basis, it denies them.

39. Responding to Paragraph 39, PNC objects that the allegations are unintelligible and therefore do not lend themselves to admission or denial, and on that basis, it denies them.

40. Responding to Paragraph 40, PNC admits it sent correspondence dated June 7, 2017 to Plaintiff regarding past due payment on his account. PNC denies the paragraph's remaining allegations.

41. Responding to Paragraph 41, PNC admits it received a letter from Plaintiff dated June 15, 2017, the content of which speaks for itself.

42. Responding to Paragraph 42, PNC admits Plaintiff filed a complaint with the CFPB in or around early December 2017, the content of which speaks for itself.

43. Responding to Paragraph 43, PNC admits Plaintiff demanded an original cardholder agreement. PNC further admits it understood the nature of Plaintiff's dispute and denial, but PNC denies the dispute and/or denial were valid.

44. Responding to Paragraph 44, PNC admits it responded to Plaintiff's CFPB complaint but denies the paragraph accurately characterizes PNC's response.

45. Responding to Paragraph 45, PNC admits it assigned the right to collect Plaintiff's debt to a third party but denies the paragraph's remaining allegations.

3599699.1
PNC BANK, N.A.'S ANSWER TO COMPLAINT - CASE NO. 8:20-CV-00366-DOC-KES

46. Responding to Paragraph 46, PNC denies failing to comply with any disclosure obligation to the third party purchaser of Plaintiff's debt, and PNC thereon denies the paragraph's allegations.

47. Responding to Paragraph 47, PNC denies failing to comply with any disclosure obligation to the third party purchaser of Plaintiff's debt, and PNC thereon denies the paragraph's allegations.

48. Responding to Paragraph 48, PNC lacks sufficient information or belief upon which to admit or deny the allegations, and on that basis, it denies them.

49. Responding to Paragraph 49, PNC lacks sufficient information or belief upon which to admit or deny the allegations, and on that basis, it denies them.

50. Responding to Paragraph 50, PNC lacks sufficient information or belief upon which to admit or deny the allegations, and on that basis, it denies them.

51. Responding to Paragraph 51, PNC lacks sufficient information or belief upon which to admit or deny the allegations, and on that basis, it denies them.

52. Responding to Paragraph 52, PNC denies the allegations.

53. Responding to Paragraph 53, PNC lacks sufficient information or belief upon which to admit or deny the allegations, and on that basis, it denies them.

54. Responding to Paragraph 54, PNC admits it received a letter from Plaintiff dated July 30, 2018, the contents of which speak for themselves. PNC denies furnishing false, inaccurate, incomplete and/or unverified information regarding the PNC account to Experian. PNC denies the balance on the account was $0.00. PNC denies the paragraph's remaining allegations.

55. Paragraph 55 consists of references to law and/or legal conclusions to which PNC is not required to, and does not, respond.

56. Paragraph 56 consists of references to law and/or legal conclusions to which PNC is not required to, and does not, respond.

57. Responding to Paragraph 57, PNC denies the allegations.

58. Responding to Paragraph 58, PNC denies the allegations.

59. Responding to Paragraph 59, PNC denies the allegations.

60. Responding to Paragraph 60, PNC understands, based upon information and belief, that Plaintiff sent a letter to PNC dated September 24, 2018, but PNC has not located the document; PNC therefore lacks sufficient information upon which to conclusively admit it received said letter, and on that basis, it denies the same. The contents of correspondences from Plaintiff to PNC speak for themselves.

61. Responding to Paragraph 61, the contents of correspondences from Plaintiff to PNC speak for themselves.

62. Responding to Paragraph 62, PNC denies the allegations.

63. Responding to Paragraph 63, PNC understands, based upon information and belief, that Plaintiff sent a letter to PNC dated February 2, 2019, but PNC has not located the document; PNC therefore lacks sufficient information upon which to conclusively admit it received said letter, and on that basis, it denies the same. The contents of correspondences from Plaintiff to PNC speak for themselves.

64. Responding to Paragraph 64, PNC admits it sent correspondence to Plaintiff dated April 23, 2019 and not April 3, 2019 as the paragraph alleges. PNC admits it enclosed the relevant cardholder agreement with said correspondence to Plaintiff but denies the agreement was "inapplicable." PNC admits the letter indicated it was an attempt to collect a debt. PNC denies the paragraph's remaining allegations.

65. Responding to Paragraph 65, PNC admits Plaintiff asserted that his debt no longer existed. PNC denies the paragraph's remaining allegations.

66. Responding to Paragraph 66, PNC denies the allegations.

67. Responding to Paragraph 67, PNC denies the allegations.

68. Responding to Paragraph 68, to the extent it refers to, or makes conclusions of, law to which PNC is not required to respond, PNC makes no response. PNC denies the paragraph's remaining allegations.

69. Responding to Paragraph 69, PNC has searched for but not located a July 9, 2019 letter from Plaintiff; PNC therefore lacks sufficient information or belief upon

which to admit or deny the allegation, and on that basis, it denies the same. The contents of correspondences from Plaintiff to PNC speak for themselves.

70. Responding to Paragraph 70, the contents of correspondences from Plaintiff to PNC speak for themselves. PNC lacks sufficient information or belief upon which to admit or deny the Plaintiff intended to be courteous, and on that basis, it denies the allegation.

71. Responding to Paragraph 71, PNC declines to respond to the gratuitous and improper allegation.

72. Responding to Paragraph 72, PNC denies the allegations.

73. Responding to Paragraph 73, PNC admits it sent correspondence to Plaintiff on or about October 28, 2019 but denies it contained false statements, and PNC further denies the paragraph's remaining allegations.

74. Paragraph 74 consists of references to, or conclusions of, law to which PNC is not required to, and does not, respond.

75. Paragraph 75 consists of references to, or conclusions of, law to which PNC is not required to, and does not, respond.

76. Paragraph 76 consists of references to, or conclusions of, law to which PNC is not required to, and does not, respond.

77. Responding to Paragraph 77, PNC admits.

78. Responding to Paragraph 78, PNC lacks sufficient information or belief upon which to admit or deny the allegations, and on that basis, it denies them.

79. Responding to Paragraph 79, PNC lacks sufficient information or belief upon which to admit or deny the allegations, and on that basis, it denies them.

80. Responding to Paragraph 80, PNC lacks sufficient information or belief upon which to admit or deny the allegations, and on that basis, it denies them.

81. Responding to Paragraph 81, PNC lacks sufficient information or belief upon which to admit or deny the allegations, and on that basis, it denies them.

82. Responding to Paragraph 82, PNC lacks sufficient information or belief

upon which to admit or deny the allegations, and on that basis, it denies them.

83. Responding to Paragraph 83, PNC lacks sufficient information or belief upon which to admit or deny the allegations, and on that basis, it denies them.

84. Responding to Paragraph 84, PNC lacks sufficient information or belief upon which to admit or deny the allegations, and on that basis, it denies them.

85. Responding to Paragraph 85, PNC admits it received a dispute verification inquiry from Experian. PNC lacks sufficient information or belief upon which to admit or deny the paragraph's remaining allegations, and on that basis, it denies them.

86. Paragraph 86 consists of references to, or conclusions of, law to which PNC is not required to, and does not, respond.

## Metro 2: the Rise of e-OSCAR

87. Responding to Paragraph 87, PNC admits.

88. Responding to Paragraph 88, PNC lacks sufficient information or belief upon which to admit or deny the allegations, and on that basis, it denies them.

89. Responding to Paragraph 89, PNC admits.

90. Responding to Paragraph 90, PNC admits.

91. Responding to Paragraph 91, PNC lacks sufficient information or belief upon which to admit or deny the allegations, and on that basis, it denies them.

92. Responding to Paragraph 92, PNC lacks sufficient information or belief upon which to admit or deny the allegations, and on that basis, it denies them.

93. Responding to Paragraph 93, PNC lacks sufficient information or belief upon which to admit or deny the allegations, and on that basis, it denies them.

94. Responding to Paragraph 94, PNC denies the allegations.

95. Responding to Paragraph 95, PNC denies it provided Experian false, inaccurate, misleading and/or unverified information and further denies the paragraph's remaining allegations.

96. Responding to Paragraph 96, PNC denies its records reflected a false

balance or a non-existent debt and further denies the paragraph's remaining allegations.

97. Responding to Paragraph 97, PNC denies the allegations.

98. Responding to Paragraph 98, PNC denies it furnished erroneous information regarding the charged off balance or past due balance of Plaintiff's account.

99. Responding to Paragraph 99, PNC denies the allegations.

100. Responding to Paragraph 100, PNC denies it failed to conduct a proper investigation upon receipt of Notice by Experian. PNC further denies it was legally bound to delete the item. The paragraph's remaining allegations consist of references to, or conclusions of, law to which PNC is not required to, and does not, respond.

101. Responding to Paragraph 101, PNC denies the allegations.

102. Responding to Paragraph 102, PNC denies the allegations. To the extent the paragraph's allegations consist of references to, or conclusions of, law, PNC is not required to, and does not, respond.

103. Responding to Paragraph 103, PNC denies the allegations.

104. Responding to Paragraph 104, PNC lacks sufficient information or belief upon which to admit or deny the allegations, and on that basis, it denies them.

105. Responding to Paragraph 105, PNC lacks sufficient information or belief upon which to admit or deny the allegations, and on that basis, it denies them.

106. Responding to Paragraph 106, PNC denies the allegations.

107. Paragraph 107 consists of references to, or conclusions of, law to which PNC is not required to, and does not, respond.

108. Responding to Paragraph 108, PNC denies the allegations.

109. Paragraph 109 consists of references to, or conclusions of, law to which PNC is not required to, and does not, respond.

### *Spokeo* has spoken

110. Responding to Paragraph 110, PNC denies it has engaged in any conduct

injurious to Plaintiff. The paragraph's remaining allegations consist of references to, or conclusions of, law, to which PNC is not required to, and does not, respond.

111. Responding to Paragraph 111, PNC denies it has engaged in any conduct injurious to Plaintiff. PNC further denies it failed to investigate and/or delete unverified information. The paragraph's remaining allegations consist of references to, or conclusions of, law, to which PNC is not required to, and does not, respond.

112. Responding to Paragraph 112, PNC lacks sufficient information or belief upon which to admit or deny the allegations, and on that basis, it denies them.

113. Responding to Paragraph 113, PNC denies the allegations.

114. Responding to Paragraph 114, PNC denies the allegations.

115. Responding to Paragraph 115, PNC lacks sufficient information or belief upon which to admit or deny the allegations, and on that basis, it denies them.

116. Responding to Paragraph 116, PNC denies the allegations.

117. Responding to Paragraph 117, PNC lacks sufficient information or belief upon which to admit or deny the allegations, and on that basis, it denies them.

118. Responding to Paragraph 118, PNC denies it engaged in willful and/or negligent violations of the FCRA. PNC denies it caused Plaintiff to experience negative emotions.

119. Responding to Paragraph 119, PNC denies it reported inaccurate, materially misleading and/or unverified information to credit reporting agencies concerning Plaintiff's consumer report and, therefore, PNC denies there was any such information to delete. Regarding the paragraph's remaining allegations, PNC lacks sufficient information or belief upon which to admit or deny, and on that basis, it denies them.

120. Responding to Paragraph 120, PNC refers to, and incorporates herein as though fully set forth, its prior responses to allegations that it receives notices from Plaintiff. PNC admits it received the correspondence reflected in Exhibit A to the Complaint. The contents of correspondences sent to PNC by Plaintiff speak for

themselves. PNC lacks sufficient information or belief upon which to admit or deny whether any of Plaintiff's correspondences were "courtesies," and on that basis, it denies the allegation.

121. Paragraph 121 contains references to law and/or legal conclusions to which PNC is not required to, and does not, respond. To the extent a response is required, PNC lacks sufficient information or belief upon which to admit or deny the allegations, and on that basis, it denies them.

## Cause of Action

## Count I: Violation of the FCRA, 15 U.S.C. § 1681s-2(b)

122. Responding to Paragraph 122, PNC incorporates as though fully set forth herein each of its responses to the foregoing paragraphs.

123. Responding to Paragraph 123, PNC denies the allegations.

124. Responding to Paragraph 124, PNC admits.

125. Responding to Paragraph 125, PNC admits Plaintiff was disputing its reporting related to Plaintiff's account. PNC denies its reporting contained inaccuracies.

126. Responding to Paragraph 126, PNC denies it failed to conduct an investigation. The paragraph's remaining allegations consist of references to, or conclusions of, law, to which PNC is not required to, and does not, respond.

127. Responding to Paragraph 127, PNC denies it failed to review all relevant information provided by the consumer reporting agency. The paragraph's remaining allegations consist of references to, or conclusions of, law, to which PNC is not required to, and does not, respond.

128. Responding to Paragraph 128, PNC denies it failed to properly report the results to the CRA. The paragraph's remaining allegations consist of references to, or conclusions of, law, to which PNC is not required to, and does not, respond.

129. Responding to Paragraph 129, PNC denies it reported false, inaccurate, incomplete and/or unverified information to credit reporting agencies regarding

Plaintiff's account. PNC further denies the paragraph's remaining allegations.

130. Responding to Paragraph 130, PNC denies it failed to delete information that was false, inaccurate, incomplete and/or unverified. The paragraph's remaining allegations consist of references to, or conclusions of, law, to which PNC is not required to, and does not, respond.

131. Responding to Paragraph 131, PNC denies the allegations.

132. Responding to Paragraph 132, PNC denies the allegations.

133. Responding to Paragraph 133, PNC denies it committed willful violations and further denies the paragraph's remaining allegations.

134. Responding to Paragraph 134, PNC denies it committed negligent violations and further denies the paragraph's remaining allegations.

### No "lodestar method" for a Pro Se litigant

135. Paragraph 135 consists of references to, or conclusions of, law, to which PNC is not required to, and does not, respond.

136. Paragraph 136 consists of references to, or conclusions of, law, to which PNC is not required to, and does not, respond.

### Demand for Jury Trial F.R.Civ.P. 38(b)

137. Responding to Paragraph 137, to the extent it refers to, or makes conclusions of, law to which PNC is not required to respond, PNC makes no response. PNC lacks sufficient information or belief on which to respond to the paragraph's remaining allegations, and it therefore denies them.

### AFFIRMATIVE DEFENSES

PNC alleges the following separate and distinct defenses and affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

The Complaint, and each claim therein, fails to set forth facts sufficient to state a claim against PNC. This defense is alleged in the alternative and does not admit any

of the Complaint's allegations.

## SECOND AFFIRMATIVE DEFENSE

(Statute of Limitations)

Plaintiff's claims for relief are barred by the applicable statute of limitations. This defense is alleged in the alternative and does not admit any of the Complaint's allegations.

## THIRD AFFIRMATIVE DEFENSE

(Waiver)

Plaintiff's claims are barred by the equitable doctrine of waiver. This defense is alleged in the alternative and does not admit any of the Complaint's allegations.

## FOURTH AFFIRMATIVE DEFENSE

(Consent/Acquiescence/Ratification)

Plaintiff acquiesced in, consented to and/or ratified the acts and omissions alleged in the Complaint. This defense is alleged in the alternative and does not admit any of the Complaint's allegations.

## FIFTH AFFIRMATIVE DEFENSE

(Consistent with Law and Applicable Regulations)

The Complaint is barred because PNC's conduct was consistent with all applicable laws and regulations. This defense is alleged in the alternative and does not admit any of the Complaint's allegations.

## SIXTH AFFIRMATIVE DEFENSE

(Good Faith)

Plaintiff's claims are barred because PNC's conduct was at all times undertaken in good faith. This defense is alleged in the alternative and does not admit any of the Complaint's allegations.

## SEVENTH AFFIRMATIVE DEFENSE

(Bona fide Error/Mistake)

Any alleged acts or omissions of PNC that give rise to Plaintiff's claims are the

result of innocent mistake and/or bona fide error despite reasonable procedures implemented by PNC. This defense is alleged in the alternative and does not admit any of the Complaint's allegations.

## EIGHTH AFFIRMATIVE DEFENSE
### (No Causation)

Plaintiff is barred, in whole or in part, from recovering from PNC on any of Plaintiff's claims because there is no causal relationship between any injury alleged to have been suffered and any act of PNC. This defense is alleged in the alternative and does not admit any of the Complaint's allegations.

## NINTH AFFIRMATIVE DEFENSE
### (Fault of Plaintiff)

If Plaintiff suffered or sustained any loss, injury, damage or detriment, the same was directly and proximately caused and contributed to by the breach, conduct, acts, omissions, activities, carelessness, recklessness, negligence, and/or intentional misconduct of Plaintiff, and not by PNC. This defense is alleged in the alternative and does not admit any of the Complaint's allegations.

## TENTH AFFIRMATIVE DEFENSE
### (Fault of Others)

If Plaintiff suffered or sustained any loss, injury, damage or detriment, the same was directly and proximately caused and contributed to by the breach, conduct, acts, omissions, activities, carelessness, recklessness, negligence, and/or intentional misconduct of others, and not by PNC. This defense is alleged in the alternative and does not admit any of the Complaint's allegations.

## ELEVENTH AFFIRMATIVE DEFENSE
### (No Damages)

Plaintiff is not entitled to any relief because he did not suffer any damages as a result of PNC's actions. This defense is alleged in the alternative and does not admit any of the Complaint's allegations.

**TWELFTH AFFIRMATIVE DEFENSE**

(Speculative Damages)

Plaintiff's alleged damages are speculative and not capable of being determined with reasonable certainty. This defense is alleged in the alternative and does not admit any of the Complaint's allegations.

**THIRTEENTH AFFIRMATIVE DEFENSE**

(Mitigation)

Plaintiff's claims are barred, in whole or in part, by the failure to exercise reasonable care to mitigate Plaintiff's alleged damages, if any. This defense is alleged in the alternative and does not admit any of the Complaint's allegations.

**FOURTEENTH AFFIRMATIVE DEFENSE**

(No Concrete Injury)

Plaintiff suffered no actual "concrete" injury and therefore lacks Article III standing. *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540 (2016). This defense is alleged in the alternative and does not admit any of the Complaint's allegations.

**FIFTEENTH AFFIRMATIVE DEFENSE**

(Truth)

Plaintiff's claims are barred because the information reported by PNC was true and accurate. This defense is alleged in the alternative and does not admit any of the Complaint's allegations.

**SIXTEENTH AFFIRMATIVE DEFENSE**

(Arbitration)

Plaintiff's claims are subject to arbitration in accordance with the terms and conditions of Plaintiff's account and PNC expressly reserves its right to compel arbitration pursuant to the terms and conditions of the applicable contractual agreements and/or account terms and conditions. This defense is alleged in the alternative and does not admit any of the Complaint's allegations.

///

## SEVENTEENTH AFFIRMATIVE DEFENSE

(Additional Defenses Reserved)

PNC has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, defenses available. PNC expressly reserves the right to assert additional defenses in the event discovery indicates that such defenses are appropriate. This defense is alleged in the alternative and does not admit any of the Complaint's allegations.

**WHEREFORE,** PNC prays as follows:

1. That judgment be entered in favor of PNC and against Plaintiff;
2. That Plaintiff take nothing by way of his Complaint;
3. That PNC be awarded its costs of suit incurred herein;
4. That PNC be awarded reasonable attorneys' fees as may be allowed by law or statute; and
5. For other and further relief as the Court deems just and proper.

DATED: March 23, 2020         WOLFE & WYMAN LLP

By: ___/s/ Cathy L. Granger___
     CATHY L. GRANGER
Attorneys for Defendant
**PNC BANK, N.A.**