Pritish Vora
27758 Santa Marg. Pkwy, #530
Mission Viejo, CA  92691
949-292-8359
Plaintiff in Pro Per

FILED
CLERK, U.S. DISTRICT COURT
May 12, 2020
CENTRAL DISTRICT OF CALIFORNIA
BY: ___KD___ DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRITISH VORA,<br><br>          Plaintiff,<br><br>     vs.<br><br>PNC BANK, N.A.,<br><br>          Defendant. | Case No.: 8:20-cv-00366-DOC-KES<br>**CASE MANAGEMENT REPORT**<br>**[F.R.Civ.P. 26(f)]**<br><br>**Scheduling Conference:**<br>**Date: June 1, 2020**<br>**Time: Monday, 8:30am**<br>**Courtroom 9D**<br><br>**Hon. David O. Carter** |

COMES NOW Plaintiff, Pritish Vora, ("Plaintiff"), by way of Pro Se, and Defendant PNC ("PNC"), by way of counsel, hereby file their Joint Rule 26(f) Report in compliance with the Court's March 25, 2020 ORDER SETTING SCHEDULING CONFERENCE (Doc 11).  The parties met and conferred to jointly prepare this report via e-mail beginning on April 29, 2020.

**Rule 26(f) joint case management report**

### (1) A short factual summary of the case and of claims and defenses

**Plaintiff:** PNC alleged that Plaintiff was obligated on a transaction Account ending in 0926 ("the Account"). Plaintiff sent "demand notice" to produce an original, true, correct and complete certified copy of a signed credit card application and agreement for the Account, evincing full and fair disclosure of ALL terms and conditions. Plaintiff denied that he received any signed applicable agreement. Plaintiff denied the account stated, and Plaintiff denied any balance struck, owed and due except for a $0.00 balance. Plaintiff demanded answers regarding promissory notes. PNC failed to comply with Plaintiff's demands. Plaintiff did not release PNC from its liability and obligations to Plaintiff to answer his repeated demands. PNC ceased collecting on the Account but was reporting inaccurate information to Experian. Plaintiff sent PNC "direct dispute" and "indirect dispute" regarding inaccurate, incomplete and/or unverified information being furnished to Experian. Plaintiff alleges that PNC failed to conduct a proper investigation upon receipt of NOTICE from Experian, and failed to delete information that was inaccurate, incomplete, or could not be **verified**. (Emphasis added). Based on the foregoing, Plaintiff brought forth a claim against PNC for violations of the Fair Credit Reporting Act [15 U.S.C. § 1681s-2(b)], all parts and sub-parts that apply.

**Defendant:** PNC understands that Plaintiff's argument in this case is that, unless and until PNC furnishes him with an "original, true, correct and complete certified copy of a signed credit card agreement" for his account, he escapes the obligation to repay amounts charged to the account (and associated fees and charges).

PNC disagrees that Plaintiff's obligation to pay is contingent on his receipt of an original signed credit card agreement. PNC has provided Plaintiff multiple

1  copies of the applicable document containing the terms and conditions on which
2  PNC's willingness to furnish credit is based. PNC understands Plaintiff disputes
3  the sufficiency of that document to compel him to comply with the obligations of
4  an account holder. PNC asserts Plaintiff evinced his acquiescence to the terms and
5  conditions by activating the card and accessing the credit.
6       PNC further understands Plaintiff has serially reported his "dispute" about
7  the matter to Experian, a credit reporting agency. PNC understands Plaintiff's
8  multiple communications to Experian have asserted that PNC incorrectly reports
9  the account history to Experian and thereby causes Plaintiff's credit report to
10 contain inaccuracies. Experian has made PNC aware of the disputes, and PNC has
11 consistently complied with its duties under the Fair Credit Reporting Act to
12 investigate and respond to them. PNC's investigations have substantiated that
13 PNC's reporting is, and always has been, accurate because Plaintiff accessed the
14 credit available to him and authorized the transactions made on the account
15      As such, PNC denies Plaintiff's allegation that it has violated the FCRA.
16 PNC asserts counterclaims seeking to recoup the amount of the charged-off debt
17 and associated damages.
18
19          **(2) A short synopsis of the principal issues in the case**
20
21      **Plaintiff:**  The principal issues are whether the Account ending in 0926
22 was a transaction account, whether a transaction account utilizes negotiable
23 instruments, whether promissory notes are negotiable instruments, whether PNC
24 utilized negotiable promissory notes to discharge/offset the alleged unsecured debt,
25 whether PNC provided full and fair disclosures to Plaintiff regarding ALL of the
26 terms and conditions of any original applicable alleged agreement, including, but
27 not limited to, whether PNC has an insurance policy with premiums funded by
28 Plaintiff, and whether ANY alleged agreement was signed. All these principal

legal issues solidify Plaintiff's FCRA claim that PNC failed to conduct a proper investigation upon receipt of NOTICE from Experian regarding information that was either inaccurate, incomplete and/or could not be **verified**. (Emphasis added). 15 U.S.C. § 1681s-2(b), all parts and sub-parts that apply.

**Defendant:** The issue in this case is whether Plaintiff was entitled to repudiate his credit card repayment obligation unless and until he received an original, certified, signed copy of the credit card agreement upon his demand. PNC denies that the existence of a discharge or offset is material to Plaintiff's cause of action or PNC's counterclaims.

### (3) A statement of whether parties are likely to be added and whether the pleadings are likely to be amended

**Plaintiff:** Plaintiff does not anticipate adding any parties. Plaintiff shall request leave from the Court if the pleading requires further amendment.

**Defendant:** PNC does not anticipate adding new parties.

### (4) A statement as to issues which any party believes may be determined by motion and a listing of then-contemplated law and motion matters

**Plaintiff:** There are pending motions before the Court (e.g. PNC's motion to strike portions of Plaintiff's FAC, and Plaintiff's opposition). Plaintiff plans to file a motion to dismiss the CounterClaims filed by PNC. Plaintiff does not anticipate the filing of any other motions at present.

**Defendant:** PNC has filed a motion to strike immaterial and impertinent

allegations from the First Amended Complaint. PNC anticipates filing a Motion for Summary Judgment.

### (5) A statement of what settlement discussions have occurred (specifically excluding any statement of the terms discussed) and what settlement procedure is recommended, pursuant to Local Rules 16-15 through 16-15.9

**Plaintiff:** Plaintiff attempted in good faith to comply with all rules and Court Orders to settle the matter. Plaintiff received an offer on March 31, 2020, and immediately began communicating with opposing counsel regarding settlement. Plaintiff sent counsel a counteroffer via e-mail, anticipating a response by April 3, 2020. PNC sought clarification of the counteroffer via e-mail, to which Plaintiff promptly responded. Plaintiff followed-up on April 6, 2020 via telephone to confirm if the parties could reach an agreement. Unfortunately, the parties did not reach an agreement. Plaintiff is open to further settlement negotiations and is hopeful that the parties can reach an expeditious settlement to resolve all matters. Plaintiff, being a Pro-Se, prefers a settlement conference before the Honorable Magistrate Karen E. Scott. (ADR Procedure No. 1 pursuant to L.R. 16-15.4).

**Defendant:** PNC agrees the parties have communicated in an attempt to resolve this case, and that such communications have not been fruitful. PNC agrees a settlement conference may be helpful after the pleadings are settled.

### (6) A discovery plan, which should set forth discovery phases, the order of discovery, and limitations on discovery.

**Plaintiff:** Plaintiff plans to conduct discovery through Requests for Admissions ("RFA"), Request for Production ("RFP"), and Interrogatories. The

parties jointly agree to 40 RFAs and RFPs. Interrogatories shall be pursuant to the Federal Rules of Civil Procedure. Plaintiff plans to send discovery in phases, beginning with RFAs, then follow up with RFPs and Interrogatories. PNC agrees that Plaintiff is more comfortable sending discovery docs via "old school" hard copy. Plaintiff agrees with counsel and will accept discovery documents from PNC in electronic format. There are no known preservation issues, and Plaintiff does not anticipate the filing of a protective order. Plaintiff discerns no need for changes to the timing, form or requirements for disclosures under Rule 26(a).

**Defendant:** PNC anticipates serving written discovery upon Plaintiff as needed following the parties' exchange of initial disclosures. PNC also expects to take Plaintiff's deposition. PNC discerns no need for changes to the timing, form or requirements for disclosures under Rule 26(a).

**(7) A statement of whether trial will be by jury or to the Court and a realistic estimated length of trial**

**Plaintiff:** Plaintiff requests a jury trial with a realistic estimated length of trial at 2 to 3 days.

**Defendant:** PNC would waive jury and, in that case, anticipates a 2-day bench trial. If the trial is by jury, PNC would expect a 4-5 day trial.

**(8) A statement of any other issues affecting the status or management of the case; and four proposed, specific dates as follows: a. discovery cut-off date; b. a final motion cut-off date; c. a date for final pre-trial conference; d. a date for trial**

1 The parties do not have issues affecting the status or management of the case.
2 The parties jointly propose the following dates:

    a.    discovery cut-off date:    January 29, 2021
    b.    final motion cut-off date: April 5, 2021
    c.    a date for the Final Pre-Trial Conference: Monday, May 3, 2021
    d.    a date for trial: Tuesday, June 8, 2021

Respectfully submitted on: May 11, 2020

_____
Pritish Vora, Plaintiff, Pro Se


/s/ *Cathy L. Granger*
Cathy L. Granger (CA Bar #156453)
Wolfe & Wyman LLP
Attorneys for PNC BANK, N.A.


I, Pritish Vora, hereby certify that I received permission in writing from Ms. Granger to file with counsel's electronic signature.

_____
Pritish Vora, Plaintiff, Pro Se

Rule 26(f) joint case management report

## CERTIFICATE OF SERVICE

I certify that I filed the foregoing with the Clerk of the Court by USPS Priority Mail with tracking, and a copy was mailed via United States Postal Services first class postage pre-paid to the party below:

Cathy L. Granger (CA Bar # 156453)

Wolfe & Wyman LLP

2301 Dupont Drive

Suite 300

Irvine, CA  92612

(949) 475-9200

clgranger@ww.law

Pritish Vora, Plaintiff, Pro Se

27758 Santa Marg. Pkwy, #530

Mission Viejo, CA  92691

949-292-8359

pvora2112@gmail.com



PRITISH VOHRA
27252 SANTA MARG. PKWY
#520
#534
MISSION VIEJO, CA 92691

*TIME SENSITIVE*
PLEASE FILE BY MAY 15 :)

CLERK OF THE COURT
255 E. TEMPLE ST.
SUITE TS-134
LOS ANGELES, CA 90012-3332

PRESS FIRMLY TO SEAL

PRIORITY MAIL
FLAT RATE
POSTAGE REQUIRED

UNITED STATES POSTAL SERVICE

PRIORITY MAIL

- Date of delivery specified
- USPS TRACKING™ included international destinations.
- Limited international insurance
- Pick up available.*
- Order supplies online.*
- When used internationally, a declaration label may be required

* Domestic only

UNITED STATES POSTAL SERVICE.

Retail

P   US POSTAGE PAID
$7.75
Origin: 92690
05/11/20
0568460560-12

PRIORITY MAIL 1-DAY®

0 Lb 5.10 Oz
1006

EXPECTED DELIVERY DAY: 05/12/20

C032

SHIP TO:
255 E TEMPLE ST
STE 134
LOS ANGELES CA 90012-3309

USPS TRACKING® NUMBER

9505 5163 3487 0132 6556 37

EP14F Oct 2018
OD: 12 1/2 x 9 1/2

USPS.COM/PICKUP

PS00001000014

FROM:
PRITISH VORA
27758 SANTA MARG. PKWY
#530
MISSION VIEJO, CA 92691

DOC

RECEIVED
CLERK, U.S. DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION   BY          DY

TO:
CLERK OF THE COURT
255 E. TEMPLE ST.
SUITE TS-134
LOS ANGELES, CA
90012-3332

* For Domestic shipments, the maximum weight is 70 lbs. For international shipments, the maximum weight is 4 lbs.





**TRACKED***
★ ★ ★
**INSURED***
★

# RIORITY®
# MAIL

**FLAT RATE ENVELOPE**
ONE RATE ★ ANY WEIGHT*

)000 1000014   EP14F Oct 2018
OD: 12 1/2 x 9 1/2

**VISIT US AT USPS.COM®**
ORDER FREE SUPPLIES ONLINE

:ic only.   * For Domestic shipments, the maximum weight is 70 lbs. For International shipments, the maximum weight is 4 lbs.