Pritish Vora
27758 Santa Marg. Pkwy, #530
Mission Viejo, CA  92691
949-292-8359
Plaintiff in Pro Per



FILED
CLERK, U.S. DISTRICT COURT

June 9, 2020

CENTRAL DISTRICT OF CALIFORNIA
BY: ___KD___ DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Pritish Vora,<br>　　　Plaintiff,<br>　　vs.<br>PNC BANK, N.A.,<br>　　　Defendant.<br>──────────────<br>PNC BANK, N.A.,<br>　　　Counter-Claimant,<br>　　vs.<br>Pritish Vora,<br>　　　Counter-Defendant | Case No.: 8:20-cv-00366-DOC-KES<br>**VORA'S REPLY TO PNC'S OPPOSITION and OBJECTION TO VORA'S MOTION TO DISMISS COUNTER-COMPLAINT**<br><br>**Hearing Date: Mon. June 22, 2020**<br>**Time: 8:30am**<br>**Court Room 9D** |

COMES NOW, Pritish Vora, Counter-Defendant, ("Vora"), by way of Pro Se, files with the Honorable Court his REPLY to PNC Bank, N.A. ("PNC") Opposition and Objection (Docs 26 and 27) to Vora's MOTION TO DISMISS ("MTD"), (Docs 24 and 25), and replies as follows:

## I. Background

PNC filed a Counter Complaint ("Counter Compl.") (Doc 20). Vora filed a NOTICE, memorandum in support, and declaration to dismiss the Counter Compl. (See Docs 23, 24, 25). PNC filed an objection to Vora's declaration and filed an opposition (Docs 26, 27).

## II. Legal Standard

Dismissal of the Counter Compl. filed by PNC is totally appropriate here when the allegations do not raise the right to relief by PNC above the speculative level. The standard on a 12(b)(6) is **NOT** whether the plaintiff will ultimately prevail in his or her theories, but whether the allegations are sufficient to allow the plaintiff to conduct discovery **in an attempt to prove the allegations**. *See* Jackam v. Hospital Corp. of Am. Mideast Ltd., 800 F.2d 1577, 1579 (11th Cir. 1986). (Emphasis supplied). The factual allegations in the Counter Compl. cannot support the asserted causes of action. *See* Glover v. Liggett Group, Inc., 459 F.3d 1304, 1308 (11th Cir. 2006).

In evaluating a motion to dismiss for failure to state a claim, a court may consider matters of public record. *See* Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3rd Cir. 1993). Judicial notice allows the Court to look "beyond the four corners of the Complaint without converting a motion to dismiss into one for summary judgment." *See* Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308 322 (2007).

Vora hereby requests the Court to take judicial notice of the Consumer Financial Protection Bureau website at https://www.consumerfinance.gov/credit-cards/agreements/, which states as follows: "If you are looking for information specific to your account, contact the bank or institution that issued your card. By law, the issuer must make your agreement available to you upon request. If you are having trouble getting your agreement, let us know by submitting a complaint." (See Reply Decl. Vora, Exhibit A).

### III. Memorandum

PNC's objection and PNC's opposition ("PNC Opp.") are classic examples of "willful blindness." See Global-Tech Appliances, Inc. v. SEB S.A., 131 S.Ct. 2060, 2068-71 (2011). The concept, originating in a jury charge in 1982, is that one may not "close his eyes, when he pleases, **upon all sources of information**, and then excuse his ignorance by saying that he does not see anything." Id. At 2069. (Emphasis supplied).

### IV. Argument: PNC's objections to Vora's Declaration

PNC objects to paragraph 6 in Vora's declaration in support of his motion to dismiss saying it "lacks foundation" and cites FRE 602. Vora replies as follows: PNC is engaging in "burden shifting." Vora neither wrote the NCB nor the PNC alleged agreement(s). It is PNC's burden to prove their existence and applicability, whether or not it was "signed." PNC has **failed** to attach any alleged agreement, *even though it falsely represented to the Court in its Counter Compl. that it did.* (Willful blindness). (Emphasis added).

PNC objects to paragraph 12 in Vora's declaration, claiming "hearsay" and cites FRE 801. Vora denies PNC's claim that the Experian report is "hearsay." Vora incorporated the CFPB complaint by reference in the MTD and Declaration. Indeed, the excerpt from Experian report is mentioned in the CFPB Complaint. (See Reply Decl. Vora, Exhibit B). It was PNC, not Vora, that made the false claim in its Counter Compl. that the account number ending in #4004 was converted into "Second Account" ending in #0926. Now, PNC "backtracks" to avoid all references to its fabrications by claiming "hearsay." (Willful blindness).

PNC objects to paragraph 15 in Vora's declaration, claiming "hearsay" and cites FRE 801. Vora denies that paragraph 15 is "hearsay." Vora replies that the statement made was made by Vora under penalty of perjury and is not "hearsay." Vora incorporated the CFPB complaint in his MTD by reference, and all facts contained therein. PNC mentions the second CFPB complaint in its Counter

Compl. (See Counter Compl. ¶ 38). Once again, PNC is "backtracking" to cover up its fabrication to the Court that the NCB account number ending in #4004 had "irregular activity" after PNC had already fabricated to the CFPB that it was reported "lost/stolen." (Willful blindness).

PNC objects to paragraph 20 in Vora's declaration, claiming it "mischaracterizes the evidence" and "lacks foundation" and cites FRE 602. Vora <u>denies</u> that paragraph 20 "lacks foundation" or "mischaracterizes the evidence." PNC's objection is nonsensical. PNC admits that it responded to the CFPB, however, that response included information not supported by facts, and hence, a "non-response." PNC further cites "Vora offers no evidence for his contrary conclusion that PNC had no specific intention of answering his specific demands." (Willful blindness). Vora sent a document titled "AFFIDAVIT: VERIFICATION OF DEBT" to PNC and its CEO **numerous times**, requesting specific demands to PROVE THE DEBT, by way of the applicable agreement, through personal knowledge of the facts, showing ALL terms and conditions, by way of the actual accounting/bookkeeping records that follow GAAP, including, but not limited to, the funding source for the promissory notes, all of which PNC **failed to answer**. (Emphasis added). (See Decl. Vora MTD, Exhibit E).

PNC objects to paragraphs 21 and 22 in Vora's declaration, claiming they are "irrelevant" and cites FRE 402. Vora <u>denies</u> that paragraphs 21 and 22 are "irrelevant." Regarding paragraph 21, the factual evidence of Vora repeatedly DENYING any alleged debt owed to PNC dates back three years, with perhaps a dozen or so correspondence letters. Counsel ignores this fact. (Willful blindness). Vora's MTD thoroughly addressed and rebutted PNC's claims of "account stated" or "open book" thus are quite relevant and debunks the Counter Compl. regarding the allegations of "account stated" and "open book." (See MTD pgs. 18-21). Vora has repeatedly informed PNC that it **lacked standing** to make any such claims. (Willful blindness). (Emphasis added).

**REPLY TO OPPOSITION TO MOTION TO DISMISS**

PNC objects to paragraph 23 in Vora's declaration, claiming "Vora offers no factual basis for his conclusory statement." Counsel's objection is nonsensical, and an extreme example of willful blindness. First off, Vora <u>denies</u> that he has offered "no factual basis" for a $0.00 balance due. Vora has repeatedly informed the CEO of PNC, William S. Demchak, that any alleged debt was discharged/offset by promissory notes. Vora even filed an affidavit in support of his FAC in the FCRA suit. **<u>PNC has not refuted the affidavit</u>**. (Emphasis added). Indeed, when Vora sent his complaint to the CFPB, Vora received a $0.00 balance due statement for the account number ending in #0926. Indeed, Vora demanded repeatedly for the CEO to answer Vora's questions: "Who was the person that funded the promissory notes on the alleged account?" And, "Where is that disclosed in any alleged agreement?" PNC would not answer these basic, simple, factual questions. More importantly, there was no demand for payment for the alleged balance in the Counter Compl. from PNC. Vora sent PNC a dispute notice and attached an "AFFIDAVIT OF TRUTH" (Reply Decl. Vora, See Exhibit C ¶'s 2,3,5,7 and 8). Counsel was supposed to conduct an inquiry reasonable under the circumstances pursuant to Rule 11(b) PRIOR to filing a Counter-Compl. to obtain the history of facts. Counsel ignored <u>**all of these facts**</u>. (Willful blindness). (Emphasis added).

PNC objects to "Exhibit D" in Vora's declaration in support of his MTD, claiming the document is "hearsay" and "not authenticated" pursuant to FRE 801, 901. Vora <u>DENIES</u> that the excerpt of the Experian report is either "hearsay" or "not authenticated." The Experian report completely debunks counsel's misrepresentation to the Court that the account number ending in #4004 was an "Original Account" that converted into a "Second Account" in August of 2006 when Vora supposedly reported "irregular activity" to NCB. As stated by Vora in his MTD, and as stated to the CFPB, the account number ending in #4004 was unrelated from the account number ending in #0926. Counsel ignored this fact. (Willful blindness). Vora thoroughly conveyed these issues to counsel in the meet

**REPLY TO OPPOSITION TO MOTION TO DISMISS**

and confer call, and in his MTD. Counsel ignored these facts. (Willful blindness). The declaration by Vora with reference to the Experian report was offered against an opposing party, pursuant to FRE 801(d)(2)(A)-(E), and according to Vora, does not fit the definition of "hearsay." Vora received this Experian report from Experian itself, and made a copy of the page showing the status of the account number ending in #4004. PNC knew this **well before it filed its Counter-Compl.** (Emphasis added). Now, faced with the truth, PNC wants to "close its eyes" upon the source of information, and "pretend that it cannot see." (Willful blindness).

### V. Argument: PNC's opposition to Vora's MTD

PNC claims that Vora's MTD is "procedurally defective" because it is "not confined to the four corners of PNC's pleading." (See PNC Opp. 2:1-3). PNC also states the Court may not engage in "factfinding or evidence-weighting exercise." (See PNC Opp. 2:15-16). PNC also uses rhetoric in its opposition, claiming that Vora "plays cutesy with PNC's answer to the first amended complaint." (See PNC Opp. 4:8-9).

Although it might be correct that the Court does not engage in fact-finding, PNC may not allege facts that are either conclusory or are unlikely to be supported with evidence. Otherwise, it defeats the entire purpose of a pleading and mocks the rules, including, but not limited to, F.R.Civ.P. 11(b). Indeed, PNC waltzed its way into Federal Court, filed a Counter-Compl. that is littered with fabrications, *and even misrepresented to the Court* that it attached an "Exhibit 2 PNC Agreement" when it did no such thing. (See Counter Compl. ¶ 56).

PNC makes references to its predecessor, NCB, regarding an "Original Account" converting into a "Second Account" in its Counter Compl., which then became an account with PNC, yet PNC fails to even support its claim that there was even a valid assignment, purchase or sale from NCB to PNC. In fact, PNC resorts to only conclusory allegations, and cannot even support its "breach of agreement" claim that there was ever a valid and applicable agreement between

either Vora and NCB, or between Vora and PNC.

Indeed, PNC has *failed* to support its claim that it attached evidence in the form of any alleged agreement. Vora sent repeated NOTICE to PNC since April of 2017, directly to its CEO, William S. Demchak, to prove the debt, which PNC failed to prove, and therefore, PNC had no claim to begin with, and thus failed to state a claim for which relief can be granted. PNC made an intentional business decision not to attach any purported agreement, knowing that Vora demanded FULL DISCLOSURE of all relevant terms and conditions. Any alleged agreement that fails to provide full disclosure of all material facts, terms and conditions falls under the doctrine of being "ultra vires" – VOID. Not voidable, but **void**. (Emphasis added).

The "breach of agreement" claim fails miserably, and PNC has not corrected its claim by the filing of its opposition to Vora's MTD. If PNC is granted leave to amend its "breach of agreement" claim and attaches either the unsigned, non-notarized, non-copyrighted, partial National City agreement, or the unsigned, non-notarized, copyright 2013 post-dated PNC agreement, then PNC would be in stark defiance of cases cited in the MTD: <u>Henggeler</u>, <u>Wheeler</u>, <u>Thomas</u>, <u>Carlos</u>, and even the CFPB, which clearly states that "by law" it must provide the agreement. The CFPB further clarifies the definition as "the effective credit agreement." (See <u>CFPB v. CHASE</u> Consent Order, File No. 2015-CFPB-0013).[1]

PNC states that "fraud upon the Court" is not an authorized premise for a Rule 12(b) motion. (See PNC Opp. 3:15-16). However, the Court has within its discretion to terminate a case if it finds that "an officer of the court" has perpetrated a fraud affecting the ability of the court or jury to impartially judge a case. (See MTD 4:25-28). Counsel has misconstrued the reason for Vora citing "fraud upon the Court." (See PNC Opp. 3:17-19). It is not simply due to PNC's

---

[1] https://www.consumerfinance.gov/policy-compliance/enforcement/actions/jp-morgan-chase-debt-collection/

inability to provide the original agreement for the account number ending in #0926. Rather, it is because *PNC made false representations to the Court* regarding an unrelated account number ending in #4004 having "irregular activity" as the excuse for not providing the original agreement for the account number in dispute (i.e., #0926). (See MTD 5:16-19). "Fraud on the Court," as Vora alleges, was due to the misrepresentations by counsel after PNC already made misrepresentations to the CFPB. (See MTD 6:10-14, 6:15-18, 7:4-11, and 7:15-20).

Conveniently absent from PNC's opposition is any rebuttal to Vora's MTD regarding violations of F.R.Civ.P. 11(b). (See MTD 8:7-13). Indeed, counsel for PNC does not challenge the rules. The Ninth Circuit in <u>Rhinehart</u> explained why Rule 11 must be followed. (See MTD 8:14-17).

Also, PNC conveniently avoids Vora's argument that PNC improperly claimed that the Court had diversity jurisdiction, as PNC has apparently conceded that the matter in controversy is not $75,000 or more. PNC says it "denies any FCRA violation" yet did not file a 12(b) against Vora to dismiss the FCRA suit. Instead, it answered it, while claiming it "denies circumstances exist to confer jurisdiction." (PNC Opp. 4:14-16). To a Pro Se, that sounds like "doublespeak."

PNC continues with its opposition, claiming that is has satisfied its Article III standing of "loss of money" that is "actual and concrete." (PNC Opp. 4:22-23). This claim of "injury" is purely speculative and not supportive of "actual damages" which are required to state a claim for relief in PNC's Counter Compl.

Indeed, Vora sent his own AFFIDIVAT OF TRUTH in conjunction with a dispute notice to CEO Demchak in July of 2018. (Reply Decl. Vora, Exhibit C). Vora made an offer of payment upon proof of claim. (Exhibit C, ¶ 2). Vora did not receive the original customer agreement. Vora sent repeated NOTICE to verify the debt. (Exhibit C, ¶ 3). PNC failed to sign the affidavit or verify the debt. (Exhibit C, ¶ 5). PNC failed to provide the accounting records pursuant to GAAP. (Exhibit C, ¶ 6). PNC failed to prove that it used its own capital, funds, money, or

money equivalent (including its own credit) to pay for any charges on the account. (Exhibit C, ¶ 7). PNC failed to show that it suffered any damages and failed to prove standing to collect. (Exhibit C, ¶ 8). CEO Demchak did **not** deny and did **not** refute the affidavit. (Emphasis added). An unrebutted affidavit may be accepted as truth. See Rand v. Rowland, 154 F.3d 952, 956 (9th Cir. 1998). As Vora stated in his MTD, these matters are not new, and have resulted in litigation for failure to VERIFY a debt. See Cox. v. Sherman, 1:12-cv-01654 (S.D. Indiana, 2012)[2]; See Hatteberg v. Capital One Bank, USA N.A., 8:19-cv-01425 (C.D. Cal. 2019); See Kozlowski v. Bank of America, 1:18-cv-00131 (E.D. Cal. 2018).

    Quite interestingly, PNC wants to strike the factual allegations by Vora in his FCRA suit regarding promissory notes, even though the notes are directly relevant to the accuracy of information regarding the "balance" of the disputed alleged debt being furnished by PNC to Experian.

    PNC makes continued speculative claims regarding "applicable document expressing the terms and conditions." (PNC Opp. 5:13-15). Again, PNC only offers conclusory allegations about "Vora evincing his assent to be governed by the terms of the written agreement." Vora DENIED he was provided with any applicable agreement. Counsel ignores this fact. (Willful blindness). Apparently, counsel also completely avoided the Carlos case and the questions asked by the Ninth Circuit panel judges. (Willful blindness). PNC makes a conclusory statement that Vora breached the agreement by "refusing to pay his credit card bill." (PNC Opp. 5:22-23). This is complete poppycock. Vora made a conditional offer of acceptance on the "account stated" upon proof of claim back in April of 2017. CEO Demchak was required "by law" to provide the original documentation

---

[2] Cox was no ordinary litigant challenging an alleged debt. Cox was a banker, who had **33 years of experience in banking and finance**, including five years of service with the F.B.I. as a financial analyst for corporate white-collar crime. (See Cox, Compl. at ¶ 15). (Emphasis added).

**REPLY TO OPPOSITION TO MOTION TO DISMISS**

of any alleged indebtedness in its original form. PNC failed to comply with Vora's demands. (See Reply Decl. Vora, Exhibit C). To this date, PNC continues to "park" the invalid debt with consumer reporting agency Experian to "backstab" a "least sophisticated consumer" for denying the alleged debt and demanding strict proof thereof. *See* <u>Rogers v. Discover Bank,</u> 2:13-cv-01124 (S.D. AL 2013).

## VI. <u>Conclusion</u>

These matters regarding any alleged debt have already been extensively "litigated" between Vora and PNC via NOTICE, complaints with CFPB, and Vora's affidavits. Nothing has changed. The *fact finder* can only go places where it can find *actual facts* to support the claims. PNC has not met the standards of plausibility to seek relief. F.R.Civ.P. 8(e) "CONSTRUCTING PLEADINGS" clearly states "Pleadings must be construed **to do justice**." (Emphasis supplied). PNC cannot meet its burden to show "loss causation" for damages. Any leave to amend would be futile. *See* <u>Gardner v. Martino,</u> 563 F.3d 981, 990 (9th Cir. 2009) (finding **no abuse of discretion in denying leave to amend** when amendment would be futile). (Emphasis supplied).

PNC has failed to show, and cannot show, that Vora owes an alleged debt by the laws, constitution and treaties of the United States.

WHEREFORE, based on the foregoing, the prior filings, and on Vora's Reply Decl. filed contemporaneously herewith, Vora respectfully requests that his MTD be GRANTED in its entirety and that PNC's Counter Compl. be dismissed with prejudice.

Respectfully submitted on this day of ___June 8, 2020___

By: Pritish Vora, Pro Se

*[signature]*

## CERTIFICATE OF SERVICE

I certify that I mailed the foregoing document to the Clerk of the Court via USPS Priority Mail with tracking on June 8, 2020, and a copy via United States Postal Service first class postage prepaid was mailed to the party below:

Cathy L. Granger, (CA Bar # 156453)

Wolfe &Wyman LLP

2301 Dupont Drive

Suite 300

Irvine, CA  92612

(949) 475-9200

clgranger@ww.law

*/s/ Pritish Vora*

Pritish Vora, Plaintiff, Pro Se

27758 Santa Marg. Pkwy, #530

Mission Viejo, CA  92691

949-292-8359

pvora2112@gmail.com

**REPLY TO OPPOSITION TO MOTION TO DISMISS**

Pritish Vora
27758 Santa Mag Pkwy
#530
Mission Viejo CA 92691

* Time Sensitive
June 8, 2020

:)

Clerk of The Court
255 E. Temple St.
Suite TS-134
Los Angeles, CA 90012-3332




