**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 20-00366-DOC (KESx)                                        Date: June 12, 2020

Title: PRITISH VORA V. PNC BANK, N.A.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Kelly Davis | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**   **ORDER GRANTING IN PART MOTION TO STRIKE AND DENYING MOTION TO DISMISS [14, 23]**

Before the Court is Defendant PNC Bank, N.A. ("PNC" or "Defendant") Motion to Strike ("MTS") (Dkt. 14) portions of the First Amended Complaint "(FAC") (Dkt. 12) and Plaintiff Pritish Vora ("Vora" or "Plaintiff") Motion to Dismiss Counterclaims ("MTD") (Dkt. 23). The Court finds these matters appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. Having reviewed the papers and considered the parties' arguments, the Court **GRANTS IN PART** Defendant's MTS and **DENIES** Plaintiff's MTD.

**I.   Background**

**Facts**

The following facts are taken from the First Amended Complaint ("FAC") (Dkt. 12). This is an action brought by a pro se plaintiff against PNC for alleged violations of the Fair Credit Reporting Act ("FCRA"). Plaintiff alleges that he filed a dispute to Experian regarding an item incorrectly reported on Plaintiff's Experian report. FAC ¶ 34.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 20-00366-DOC (KESx)                                Date: June 12, 2020
                                                                  Page 2

Experian then sent an Automated Consumer Dispute Verification to PNC. *Id.* ¶ 37. Plaintiff further alleges that PNC failed to review the dispute and failed to update its records to reflect that the information on the Experian report was false, inaccurate, or unverified. *Id.* ¶¶ 58–59. On these facts, Plaintiff brings one FCRA claim. *Id.* ¶¶ 104–121.

In his complaint, Plaintiff makes the following assertions that Defendant argues are impertinent to this matter:

Allegations regarding settlement negotiations:

- Prior to Defendant filing its Answer, counsel for PNC sent correspondence to Plaintiff dated March 17, 2020 (the content of which is confidential settlement communication inadmissible pursuant to FRE 408). *Id.* ¶ 16.

- Plaintiff receives his mail at a mail drop in a strip mall, of which most stores were closed during the current "lockdown." Unaware that counsel had sent the letter, Plaintiff sent counsel an e-mail on March 27, 2020, indicating his intent to amend the complaint. *Id.* ¶ 17.

- Plaintiff was in receipt of the letter sent by counsel on March 31, 2020, and immediately sent counsel correspondence via e-mail (the content of which is confidential settlement communication inadmissible pursuant to FRE 408). Counsel confirmed receipt of the e-mail. *Id.* ¶ 18.

- Pursuant to F.R.Civ.P. 1, in the spirit of cooperation, and in an effort to avoid further litigation, Plaintiff attempted to resolve the dispute amicably whereby Plaintiff provided PNC a counter offer outlining his terms, and an opportunity to respond to Plaintiff by close of business on April 3, 2020. *Id.* ¶ 19.

- PNC understood that Plaintiff made a counter offer which would have fully disposed of the FCRA claim against Defendant PNC, and thus remove the case from the Honorable Judge Carter's docket. PNC further understood the amount of settlement is one that Congress would find as "not substantial," but most likely enough to cover the bar tab and dinner for six at Mastro's. *Id.* ¶ 20.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 20-00366-DOC (KESx)　　　　　　　　　　　Date: June 12, 2020
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 3

- Counsel conveyed the offer, but PNC did not accept the terms of offer by the deadline, and thus implied that it would rather litigate the case. *Id*. ¶ 21.

- PNC understood and knew (or should have known) that Plaintiff made every attempt to resolve the dispute amicably without expectation of payment for PNC for its willful and/or negligent violations of the FCRA, and to avoid having to file suit. (Emphasis added). *Id*. ¶ 102.

Allegations regarding offset/discharge:

- PNC understood and knew (or should have known) that any alleged balance on the unsecured transaction account being furnished to Experian was discharged/offset by promissory notes sold to outside third-party investors. *Id*. ¶ 84.

- PNC understood and knew (or should have known) that any alleged balance on the unsecured transaction account being furnished to Experian was discharged/offset by insurance premiums collected by PNC, and funded by Plaintiff, without PNC providing Plaintiff FULL AND FAIR DISCLOSURE in any alleged, applicable Cardmember Agreement. (See Hatteberg, Doc 1, ¶ 42) ("Putting it differently, a consumer cannot "default" on the alleged debt if the insurance policy covers any "loss" by the third-party investors who purchase the receivables.") (citing Cox v. Sherman, 1:12-cv-TWP-MJD (S.D. Indiana, 2012) ("The financial engineers made a bulletproof system where the originating bank is paid in full and the investors are paid in full regardless of a default in the payment of the receivables."). (See Cox, Doc 1, ¶ 38). (Emphasis added). *Id*. ¶ 85.

Allegations regarding Plaintiff's pro se status:

- PNC knows (or should know) that Plaintiff is not an attorney, that Plaintiff is a Pro Se, and is therefore unrepresented. *Id*. ¶ 120.

- PNC knows (or should know) that Plaintiff cannot "bill the client," for he IS "the client." (Emphasis added). *Id*. ¶ 121.

In its Answer, Defendant alleges that Plaintiff agreed to use a credit card from National City Bank by virtue of his use of the original account to access credit. Defendant's Answer and Counterclaims (Dkt. 20) ¶ 8. Plaintiff used the credit card and

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 20-00366-DOC (KESx)                      Date: June 12, 2020
                                                                                                     Page 4

has since failed to pay his accumulated debts. *See generally id*. In particular, Defendant alleges that Plaintiff has failed to pay PNC $6,875.79 in charges stemming from his use of the credit line at issue. *Id*. ¶ 57. Further, Defendant alleges that Plaintiff accessed this credit line with no intent to pay his debt, and Plaintiff "devised a ruse to invent a 'dispute' concerning [his] Second Account by denying the obligation to pay if PNC did not furnish him a signed, certified original cardholder application … containing his wet-ink signature." *Id*. ¶ 65. And Plaintiff continued to access this credit even after devising this alleged ruse. *Id*. ¶ 67. Thus, Defendant brings claims for breach of contract, open book account, account stated, and fraud. *Id*. ¶¶ 54–70.

### Procedural History

Plaintiff filed his FAC on April 10, 2020. Defendant filed its answer and counterclaim on April 30, 2020. Defendant filed a corrected answer and counterclaim on May 15, 2020.

On April 30, 2020, Defendant filed the Motion to Strike ("MTS"). On May 6, 2020, Plaintiff opposed the MTS ("MTS Opp'n") (Dkt. 17). On May 19, 2020, Defendant replied in support of the MTS ("MTS Reply") (Dkt. 21).

On May 22, 2020, Plaintiff filed the Motion to Dismiss counterclaims ("MTD"). On June 2, 2020, Defendant opposed the MTD ("MTD Opp'n") (Dkt. 26). On June 9, 2020, Plaintiff replied ("Reply") (Dkt. 30).

## II. Legal Standard

### Motion to Strike

Federal Rule of Civil Procedure 12(f) provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The essential function of a Rule 12(f) motion is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (citation and internal quotation marks omitted), *overruled on other grounds*, 510 U.S. 517 (1994); *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). The grounds for the motion to strike must appear on the face of the pleading under attack, or from matters of which the court may take judicial notice. *SEC v. Sands*, 902 F. Supp. 1149, 1165 (C.D. Cal. 1995). Courts generally disfavor and rarely grant motions to strike. *Id*. This Court must view "the pleading under attack in the light most favorable to the pleader." *Johnson*

Case 8:20-cv-00366-DOC-KES   Document 31   Filed 06/12/20   Page 5 of 9   Page ID #:319

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 20-00366-DOC (KESx)                       Date: June 12, 2020

                                                                                                                       Page 5

*v. Golden Empire Transit Dist.*, No. 1:14-CV-001841 LJO, 2015 WL 1541285, at *2 (E.D. Cal. Apr. 7, 2015).

### A.     Failure to State a Claim

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to set forth a set of facts which, if true, would entitle the complainant to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The pleadings must raise the right to relief beyond the speculative level; a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). On a motion to dismiss, courts accept as true a plaintiff's well-pleaded factual allegations and construe all factual inferences in the light most favorable to the plaintiff. *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Courts are not required to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678. In evaluating a Rule 12(b)(6) motion, review is ordinarily limited to the contents of the complaint and materials properly submitted with the complaint. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990).

### B.     Standing

Dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(1) when a court lacks subject matter jurisdiction due to a plaintiff's lack of Article III standing. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000); *see also Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011) (noting that Article III standing bears on the court's subject matter jurisdiction, and is therefore subject to challenge under Federal Rule of Civil Procedure 12(b)(1)).

The "irreducible constitutional minimum" of Article III standing contains three elements. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). First, the plaintiff must have suffered an "injury in fact"—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. *Id.*; *see also Spokeo v. Robins*, 136 S. Ct. 1540, 1548–49 (2016). Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court. *Lujan*, 504 U.S.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. SA CV 20-00366-DOC (KESx) | Date: June 12, 2020 |
| | Page 6 |

at 560. Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *Id*. Ultimately, the party invoking federal jurisdiction, has the burden of establishing these elements. *See id*. at 561.

### III.  Discussion

####   A.  Motion to Strike

Defendant moves to strike portions of the FAC that discuss settlement negotiations, as these allegations are immaterial to the FCRA claim that Plaintiff asserts. MTS at 5–6. Furthermore, Defendant argues that the allegations surrounding indemnity/offset are also immaterial, because the FCRA claim at issue pertains to PNC's alleged failure to correct reporting regarding incorrect information. *Id*. at 6–7. That claim has nothing to do with indemnity, because Plaintiff would be obligated to pay regardless of any indemnity. *Id*. Finally, Defendant argues that any allegations regarding attorneys' fees and Plaintiffs' pro se status are impertinent because pro se plaintiffs cannot collect attorneys' fees. *Id*. at 8.

Plaintiff opposes arguing (1) statements regarding settlement negotiations are required as part of the Court's scheduling order; (2) the statements regarding indemnity are "very material and very relevant" to the FCRA claim; and (3) Plaintiff is simply stating a fact that he is pro se, and he is not arguing that he deserves attorneys' fees. *See generally* MTS Opp'n.

As a preliminary matter, both parties agree that Plaintiff cannot be awarded attorneys' fees. Therefore, the allegations regarding Plaintiff's pro se status are immaterial to the matter at hand and should be stricken. Second, though this Court requests informal information regarding settlement negotiations as part of its scheduling order, such information should not be included in the formal complaint. Thus, any allegations regarding settlement negotiations are immaterial and ordered stricken. However, the Court will not strike the allegations relating to indemnity.

 "To state a claim under the FCRA, a plaintiff must show that: (1) he found an inaccuracy in his credit report; (2) he notified a credit reporting agency; (3) the credit reporting agency notified the furnisher of the information about the dispute; and (4) the furnisher failed to investigate the inaccuracies or otherwise failed to comply with the requirements of 15 U.S.C. § 1681s–2(b)(1)(A)–(E)." *Biggs v. Experian Info. Sols., Inc.*, 209 F. Supp. 3d 1142, 1144 (N.D. Cal. 2016). Here, Plaintiff believes that the alleged indemnity/offset is material to whether his credit report is inaccurate because he believes

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 20-00366-DOC (KESx)                      Date: June 12, 2020
                                                                                            Page 7

the indemnity may have resulted in terminating any balance he may have had. Though he may be wrong, viewing the pleading in the light most favorable to the Plaintiff, his allegation can plausibly be material to the FCRA claim.

Therefore, the Court **GRANTS IN PART** Defendant's MTS and **STRIKES** paragraphs 16, 17, 18, 19, 20, 21, 102, 120 and 121 from the FAC.

### B. Motion to Dismiss

Plaintiff argues (1) PNC lacks standing to claim any amount of alleged debt against Vora; (2) PNC's claims fail to state a claim for which relief can be granted; and (3) that PNC has committed a fraud upon the Court by presenting counterclaims that rest on a "false notion"—essentially Plaintiff disputes the allegations in the counterclaim. *See generally* MTD. The Court addresses each argument in turn.

#### 1. Standing

Plaintiff argues that PNC's claim of injury is not "concrete and particularized or actual or imminent."[1] MTD at 11. However, Plaintiff makes no argument regarding the injury at issue. Instead, Plaintiff pivots to arguing the merits of Defendant's allegations. *See* MTD at 11–12 (arguing that Defendant has made false claims, that PNC "knows" Vora did not originate the account at issue, and that Vora has not been provided with an original agreement). These arguments do not go to Defendant's standing to assert the counterclaims. On the face of the counterclaims, Defendant asserts that it was injured when Vora obtained a card, used it, and failed to pay the bill. Answer and Counterclaims ¶¶ 55–57. Whether or not these allegations are correct is irrelevant at this stage in the litigation. Defendant has standing to assert the claims.

#### 2. Failure to State a Claim

Defendant separately moves to dismiss each remaining cause of action for failure to state a claim upon which relief can be granted. MTD at 12–23.

---

[1] Plaintiff also seems to challenge this Court's jurisdiction over the counterclaims, but the Court clearly has supplemental jurisdiction over the claims, as they arise out of the same nucleus of operative facts as the FCRA claim brought by the Plaintiff.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 20-00366-DOC (KESx)            Date: June 12, 2020
                                                                                                         Page 8

### a. Breach of Contract

Plaintiff challenges the sufficiency of the pleading of PNC's breach of contract claim. To state a claim for breach of contract, a claimant must allege: (1) the existence of a contract; (2) plaintiff's performance or excuse for nonperformance of the contract; (3) defendant's breach of contract; and (4) resulting damage. *Durell v. Sharp Healthcare*, 183 Cal.App.4th 1350, 1367 (2010). Here, Defendant alleges (1) the existence of a contract based on Plaintiff's assent by using the credit card; (2) Plaintiff's breach of the contract; (3) Defendant's performance on the contract; and (4) damages, namely the outstanding balance of $6,875.79. Answer and Counterclaims ¶¶ 54–57. Whether or not these allegations are true are not relevant at this stage in the litigation. Defendant has properly pleaded a claim for breach of contract. Plaintiff's Motion to Dismiss this claim is **DENIED**.

### b. Open Book Account and Account Stated

Plaintiff also challenges the sufficiency of the pleading of PNC's open book account and account stated claims. MTD at 18–22. First, "[a] book account is created by the agreement or conduct of the parties in a commercial transaction." *H. Russell Taylor's Fire Prevention Serv., Inc. v. Coca Cola Bottling Corp.*, 99 Cal. App. 3d 711, 728 (1979). However, if there is "no evidence of an agreement" between the parties to form a book account, and if the parties' conduct does not "show that they intended or expected such an account would be created," then "there is insufficient evidence to support the finding of an open book account." *See Maggio, Inc. v. Neal*, 196 Cal. App. 3d 745, 752 (1987). To state a claim for account stated, a claimant must plead "(1) previous transactions between the parties establishing the relationship of debtor and creditor; (2) an agreement between the parties, express or implied, on the amount due from the debtor to the creditor; and (3) a promise by the debtor, express or implied, to pay the amount due." *Home Ins. Co. v. Gates McDonald & Co.*, No. CV 01-07365CASJTL, 2004 WL 5486631, at *10 (C.D. Cal. Feb. 9, 2004).

As described above, Defendant has alleged an agreement by "conduct of the parties in a commercial transaction." *H. Russell Taylor's Fire Prevention Serv., Inc.*, 99 Cal. App. 3d at 728. Indeed, Defendant alleges that Plaintiff's conduct in activating and using the credit card showed his assent to the agreement. *See* Answer and Counterclaims ¶¶ 54–57. Again, at this stage in the litigation this Court must take these allegations as true. If true, the allegations plausibly show the parties' intention that an account would be created. Thus, Defendant has properly pleaded claims for open book account and account states, and Plaintiff's MTD is **DENIED** as to these claims.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 20-00366-DOC (KESx)　　　　　　　　　　　　　Date: June 12, 2020
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 9

### c.　　Fraud

Lastly, Plaintiff challenges the sufficiency of the pleading of PNC's fraud claim. The elements of a fraud claim are (1) misrepresentation of a material fact; (2) the defendant's knowledge of falsity; (3) intent to defraud; (4) justifiable reliance; and (5) resulting damage. *Cicone v. URS Corp.*, 183 Cal.App.3d 194, 200 (1986). "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). Under California law, to successfully plead fraud, a plaintiff must allege how, when, where, to whom, and by what means the false representations were made. *Clayton v. Landsing Pac. Fund Inc.*, 56 F. App'x 379 (9th Cir. 2003) (citing *Lazar v. Superior Court*, 909 P.2d 981, 984 (1996)).

Here, Defendant alleges (1) Plaintiff accessed the credit PNC extended to him and he represented that he intended to pay the transaction amounts along with any contractual fees pursuant to the PNC agreement; (2) Plaintiff then devised a ruse to invent a dispute and deny there was an account; (3) thus Plaintiff falsely communicated to PNC that he would repay the amounts and instead he intended to refuse to pay the debts; (4) PNC justifiably relied on Plaintiff's assurances as evidenced by the credit they extended to him; and (5) resulting damages have occurred. Answer and Counterclaims ¶¶ 62–70. Taking these allegations as true, Defendant sufficiently pleaded with specificity a fraud claim. Thus, Plaintiff's MTD is **DENIED** as to the fraud claim.

Accordingly, the Motion to Dismiss **is DENIED** as to the fraud claim.

### IV.　　Disposition

Accordingly, the Court **GRANTS IN PART** Defendant's MTS and **DENIES** Plaintiff's MTD.

The Clerk shall serve this minute order on the parties.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Initials of Deputy Clerk: kd

MINUTES FORM 11
CIVIL-GEN