FILED

Pritish Vora
27758 Santa Marg. Pkwy, #530
Mission Viejo, CA 92691
949-292-8359
Plaintiff in Pro Per

2020 JUN 22 AM 9:55

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA
BY_____eva_____

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

Pritish Vora,
      Plaintiff,
vs.
PNC BANK, N.A.,
      Defendant.

Case No.: 8:20-cv-00366-DOC-KES

**Vora's ANSWER and AFFIRMATIVE DEFENSES to PNC's Counter Complaint**

PNC BANK, N.A.,
      Counter-Claimant,
vs.
Pritish Vora,
      Counter-Defendant

COMES NOW, Pritish Vora, ("Vora"), by way of Pro Se, files with the Honorable Court his ANSWER and AFFIRMATIVE DEFENSES to the Counter Complaint ("Counter Compl.") filed by PNC BANK, N.A. ("PNC"), and states as follows:

Page 1 of 17

Vora's ANSWER and AFFIRMATIVE DEFENSES to PNC's Counter Compl.

## JURISDICTION AND VENUE

1. Responding to paragraph 1, Vora states that the Court has concluded that it has subject matter and supplemental jurisdiction, and thus Vora admits to the Court's jurisdiction. Vora lacks sufficient knowledge or information to form a belief as to 28 U.S.C. § 1332, as the matter in controversy is not $75,000 or more, and thus denies the allegation regarding diversity jurisdiction.

2. Responding to paragraph 2, Vora admits that he resides in this district. As to the remaining allegations, Vora states that it contains reference to law and/or legal conclusions and Vora lacks sufficient knowledge or information or belief to form a belief regarding venue.

3. In response to paragraph 3 of the Counter Compl., Vora states that the Court has concluded that it has supplemental jurisdiction, but Vora lacks sufficient knowledge or information to form a belief regarding the "common nucleus of operative facts" as that is a reference to law and/or legal conclusion, thus denies the allegation.

## PARTIES

4. In response to paragraph 4, they contain references and/or conclusions of law and Vora lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies them.

5. In response to paragraph 5 of the Counter Compl., Vora admits.

## GENERAL ALLEGATIONS

6. In response to paragraph 6 of the Counter Compl., Vora lacks sufficient knowledge or information to form a belief about the truth as to the phrase "submitted an application" but admits to having a computer generated screen shot containing some personal information of Vora of an NCB account number ending in 1554 and 4004. Vora also is without knowledge or information sufficient to form a belief about the truth of the allegations that the "NCB with the

Vora's ANSWER and AFFIRMATIVE DEFENSES to PNC's Counter Compl.

last four numbers 4004" was an "Original Account" and thus denies the remaining part of the allegations.

7. In response to paragraph 7, Vora is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore, denies them.

8. In response to paragraph 8, PNC references legal conclusions regarding "liable for charges" to which no response is required. To the extent a response is required, Vora is without sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies them. As to the remaining allegations, Vora is without sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies them.

9. In response to paragraph 9, Vora is without sufficient knowledge or information to form a belief about the truth of the allegations, and therefore denies them.

10. In response to paragraph 10, Vora is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the allegations.

11. In response to paragraph 11, Vora is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding a "report of some irregular activity" and thus denies the allegations. Vora further denies that the "0926" was "replaced" by the "Original Account." As far as the remaining allegations, Vora denies them.

12. In response to paragraph 12, Vora is without knowledge or information sufficient to form a belief as to the truth of the allegations, and thus denies the allegations.

13. In response to paragraph 13, Vora is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore, denies the allegations.

**Vora's ANSWER and AFFIRMATIVE DEFENSES to PNC's Counter Compl.**

14. In response to paragraph 14, Vora is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the allegations.

15. In response to paragraph 15, Vora is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the allegations.

16. In response to paragraph 16, Vora is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the allegations.

17. In response to paragraph 17, Vora is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the allegations.

18. In response to paragraph 18, Vora is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the allegations.

19. In response to paragraph 19, Vora is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the allegations.

20. In response to paragraph 20, Vora is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the allegations.

21. In response to paragraph 21, Vora is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the allegations.

22. In response to paragraph 22, Vora is without knowledge or information sufficient to form a belief regarding the truth of the allegations regarding the "terms and conditions" after the alleged merger between PNC and NCB, and therefore denies the allegations. In so far as receiving an alleged "PNC

Agreement" Vora is without knowledge or information sufficient to form a belief regarding the truth of the allegations of receiving any applicable alleged agreement and thus denies the allegations. Vora admits he received a purported unsigned, non-notarized, generic, PNC copyright 2013 Cardholder Agreement after he began investigating PNC and requesting it in April 2017, but denies it satisfied his request for the true, complete, and correct certified copy of the original applicable agreement, and Vora further denies that it was "governed by the terms and conditions of the Second Account." As far as the remaining allegations, Vora is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore, denies them.

23. In response to paragraph 23, Vora is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore, denies them.

24. In response to paragraph 24, Vora is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore, denies them.

25. In response to paragraph 25, Vora admits that he sent correspondence to PNC with the headline "NOTICE TO PRODUCE DOCUMENTATION" which speaks for itself. To the extent PNC misquotes, misstates, mischaracterizes, or takes out of context the content of the letter, Vora denies the allegations.

26. In response to paragraph 26, Vora admits that he received a response letter from PNC but states that the correspondence was not well-founded. To the extent PNC misquotes, misstates, mischaracterizes, or takes out of context the content of the response to Vora's letter, Vora denies the allegations.

27. In response to paragraph 27, Vora admits he received correspondence from PNC and Vora responded, with a NOTICE OF DENIAL. To the extent PNC misquotes, misstates, mischaracterizes, or takes out of context the content of the letter, Vora denies the allegations.

28. In response to paragraph 28, Vora admits that he sent correspondence to PNC on or around June 15, 2017 which speaks for itself. To the extent PNC misquotes, misstates, mischaracterizes, or takes out of context the content of the letter, Vora denies the allegations. Vora further admits he referenced a letter to PNC titled "NOTICE TO CEASE AND DESIST" which speaks for itself. To the extent PNC misquotes, misstates, mischaracterizes, or takes out of context the content of the letter, Vora denies the allegations.

29. In response to paragraph 29, Vora admits that he sent a letter on or about June 21, 2017 to PNC which speaks for itself. To the extent PNC misquotes, misstates, mischaracterizes, or takes out of context the content of the letter, Vora denies the allegations. Vora denies that PNC "complied by making no further collection calls to Plaintiff after June 21, 2017."

30. In response to paragraph 30, Vora admits he sent another demand letter to cease and desist communicating, including to cease violating the TCPA. To the extent PNC misquotes, misstates, mischaracterizes, or takes out of context the content of the letter, Vora denies the allegations.

31. In response to paragraph 31, Vora is without knowledge or information lacks information sufficient to form a belief as to the truth of the allegations, and therefore, denies them.

32. In response to paragraph 32, Vora admits he sent an email to PNC, which speaks for itself. To the extent PNC misquotes, misstates, mischaracterizes, or takes out of context the content of the email, Vora denies the allegations.

33. In response to paragraph 33, Vora is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore, denies them.

34. In response to paragraph 34, Vora admits that he sent correspondence to the CEO of PNC, which speaks for itself. To the extent PNC misquotes, misstates, mischaracterizes, or takes out of context the content of the letter, Vora

denies the allegations. Vora further denies that he referenced a "nonexistent account number" as that was a simple typo.

35. In response to paragraph 35, Vora admits that he sent a complaint against PNC to the CFPB in December of 2017, which speaks for itself. Vora further admits that he denied he owed any alleged debt to PNC and stated his specific reasons for such denial and demanding strict proof thereof. To the extent PNC misquotes, misstates, mischaracterizes, or takes out of context the content of CFPB complaint, Vora denies the allegations.

36. In response to paragraph 36, Vora admits that he received a response from PNC but states that the correspondence was not well-founded regarding "validating the debt." Vora admits that within the contents of the response, PNC sent Vora what PNC claimed was "the most recent statement for the Account" (which showed a $0.00 balance due). As far as the remaining allegations, Vora is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore, denies them.

37. In response to paragraph 37, Vora admits that PNC purports to claim that it "launched an investigation" into Vora's first CFPB complaint but states that the investigation was not well-founded. To the extent PNC misquotes, misstates, mischaracterizes, or takes out of context the content of its response to the CFPB complaint, Vora denies the allegations. Vora denies that the alleged NCB and the PNC Agreement were the applicable agreements. As far as the remaining allegations, Vora is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore, denies them.

38. In response to paragraph 38, Vora admits that he filed a second complaint with the CFPB against PNC, which speaks for itself, but denies it was on March 28, 2018. Rather, it was on or around March 23, 2018. To the extent PNC misquotes, misstates, mischaracterizes, or takes out of context the content of the CFPB complaint, Vora denies the allegations. Vora denies that the second

complaint "did not raise new allegations or provide new evidence." As far as the remaining allegations, Vora is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore, denies them.

39. In response to paragraph 39, Vora admits that PNC responded to the second CFPB complaint but states that the response was not well-founded. To the extent PNC misquotes, misstates, mischaracterizes, or takes out of context the content of the response to the CFPB complaint, Vora denies the allegations. Vora admits he called the alleged agreements that PNC provided a "phony, a fake" as the NCB agreement was just a generic, non-notarized, unsigned partial agreement with no copyright date, and the alleged generic, non-notarized, unsigned copyright 2013 PNC agreement stated on page 1 that "Examples in this agreement are for illustration only and are not contract terms." Vora denied these were the applicable agreements. As far as the remaining allegations, Vora is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore, denies them.

40. In response to paragraph 40, Vora is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore, denies them.

41. In response to paragraph 41, Vora admits that he sent correspondence to PNC on or around June 21, 2018, which speaks for itself. To the extent PNC misquotes, misstates, mischaracterizes, or takes out of context the content of the letter that Vora sent to PNC, Vora denies the allegations. Vora denies that PNC "validated the debt" as Vora requested PNC for verification of the alleged debt by affidavit, including the full disclosure of all terms and conditions, the funding source for the promissory notes, the actual accounting, etc. As far as the remaining allegations, Vora is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore, denies them.

42. In response to paragraph 42, Vora admits that he sent correspondence to PNC around July 30, 2018, (which included an AFFIDAVIT OF TRUTH), and speaks for itself. To the extent PNC misquotes, misstates, mischaracterizes, or takes out of context the content of the letter that Vora sent to PNC, Vora denies the allegations. Vora further denies PNC's claim that it "validated the debt." As far as the remaining allegations, Vora is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore, denies them.

43. In response to paragraph 43, Vora admits that he sent a letter to William Demchak, CEO on or around September 24, 2018, which speaks for itself. To the extent PNC misquotes, misstates, mischaracterizes, or takes out of context the content of the letter to the CEO, Vora denies the allegations. As far as the remaining allegations, Vora is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore, denies them.

44. In response to paragraph 44, Vora admits that he sent correspondence to PNC on or around November 16, 2018, which speaks for itself. To the extent PNC misquotes, misstates, mischaracterizes, or takes out of context the content of the letter, Vora denies the allegations. Vora admits he received correspondence from PNC but denies that the January 7, 2019 letter was well-founded and denied PNC's claim that "the debt was valid." To the extent PNC misrepresents, misquotes, misstates, mischaracterizes, or takes out of context the content of its response to Vora, those allegations are denied. As far as the remaining allegations, Vora is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore, denies them.

45. In response to paragraph 45, Vora is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the "Original Account," as Vora has not been provided with the alleged applicable agreement evincing full disclosure of all material, relevant facts, terms and conditions of the alleged "Original Account," and therefore, denies them. As far as

the alleged "Second Account," Vora has not been provided with the alleged applicable agreement evincing full disclosure of all material, relevant facts, terms and conditions, Vora is without knowledge or information to form a belief as to the truth of the allegations, and therefore, denies them. As far as PNC misquotes, misstates, mischaracterizes, or takes out of context as to when Vora instructed PNC to close the alleged "Second Account," those claims are denied. As far as the remaining allegations, Vora is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore, denies them.

46. In response to paragraph 46, Vora is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the "Original Account" absent the presence of the applicable original agreement, and therefore, denies them. As far as the remaining allegations, Vora has not been provided with the alleged applicable agreement evincing full disclosure of all terms and conditions on the alleged "Second Account," and therefore, is without knowledge or information to form a belief as to the truth of the allegations, and therefore, denies them.

47. In response to paragraph 47, Vora is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

48. In response to paragraph 48, Vora is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding periodic statements allegedly sent by NCB. Vora is without knowledge or information sufficient to form a belief about the truth of the allegations regarding periodic statements allegedly sent by PNC. To the extent PNC misstates, misrepresents, misquotes, mischaracterizes, and takes out of context the content of its alleged periodic statements, Vora denies the allegations. Vora did receive some prior statements, but Vora denies receiving any monthly periodic statements after sending his demand notice to CEO William S. Demchak in April 2017 to verify the

alleged debt. Vora denied the April 2017 "account stated" upon NOTICE to PNC on or around May 12, 2017 via USPS Express Mail.

49. In response to paragraph 49, Vora is without knowledge or information sufficient to form a belief as to the truth of the allegations to "contest any individual charges" to NCB, and therefore denies the allegations. Vora denies that he did not contest charges on the alleged "Second Account." As far as the remaining allegations, Vora is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore, denies them.

50. In response to paragraph 50, Vora is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding "credit PNC agreed to extend," and therefore, denies them. To the extent PNC misrepresents, misstates, mischaracterizes, and takes out of context the phrase "credit PNC agreed to extend," Vora denies the allegations. In response to the claim that "Plaintiff has never satisfied the debt," PNC makes a conclusion of law and thus Vora is not required to respond. To the extent a response is required, that claim is denied. As far as the remaining allegations, Vora is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

51. In response to paragraph 51, Vora is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them. In response to the claim of "nonpayment" PNC makes references to conclusions of law, and thus no response is required. To the extent a response is required, the allegation of "nonpayment" is denied. As far as the remaining allegations, Vora denies there is any alleged balance owed or due and thus the claim of "$6,875.79 is still outstanding" is denied. To the extent PNC misstates, misquotes, misrepresents, mischaracterizes, and takes out of context the phrases "nonpayment," "balance owed or due," they are denied.

52. In response to paragraph 52, Vora vehemently denies the allegations. PNC makes conclusions of law regarding "outstanding amount" and thus no response is required. To the extent a response is required, Vora further denies there is any "outstanding amount" on the alleged "Second Account." To the extent PNC misrepresents, misstates, misquotes, and mischaracterizes, and takes out of context the allegations, Vora denies them.

53. Vora does not respond to paragraph 53 as that paragraph was omitted.

## FIRST COUNTERCLAIM
(Breach of Contract)

54. Vora refers to and incorporates herein, as though fully set forth, each of the responses in paragraphs 1 through 53 of its answers above.

55. In response to paragraph 55, Vora denies the allegations.

56. In response to paragraph 56, PNC makes references and/or conclusions of law, and Vora is not required to respond. To the extent a response is required, Vora denies that PNC has "performed all its duties and obligations" as Vora has not seen the supposed "Exhibit 2 PNC Agreement" and therefore is without knowledge or information sufficient to form a belief as to the truth of the allegations, and denies them.

57. In response to paragraph 57, Vora denies the allegations.

## SECOND COUNTERCLAIM
(Open Book Account)

58. Vora refers and incorporates herein, as though fully set forth, each of the responses in paragraphs 1 through 57 of its answer above.

59. In response to paragraph 59, Vora denies the allegations.

## THIRD COUNTERCLAIM
(Account Stated)

60. Vora refers and incorporates herein, as though fully set forth, each of the responses in paragraphs 1 through 59 of its answer above.

61. In response to paragraph 61, Vora denies the allegations.

## FOURTH COUNTERCLAIM

### (Fraud)

62. Vora refers to and incorporates herein, as though fully set forth, each of its responses in paragraphs 1 through 61 of its answer above.

63. In response to paragraph 63, Vora denies the allegations.
64. In response to paragraph 64, Vora denies the allegations.
65. In response to paragraph 65, Vora denies the allegations.
66. In response to paragraph 66, Vora denies the allegations.
67. In response to paragraph 67, Vora denies the allegations.
68. In response to paragraph 68, Vora denies the allegations.
69. In response to paragraph 69, Vora denies the allegations.
70. In response to paragraph 70, Vora denies the allegations.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof where it otherwise rests with PNC, Vora pleads the following defenses to the Counter Compl.:

## FIRST AFFIRMATIVE DEFENSE

### (Lack of Privity)

Vora states that there is/was no applicable signed written agreement between Vora and NCB, or between Vora and PNC with full disclosure of material and relevant facts of the terms and conditions. Vora further states that PNC is not the alleged original creditor, and Vora lacks any evidence that PNC has purchased the original security instrument/promissory note and/or is the assignee of the alleged account.

## SECOND AFFIRMATIVE DEFENSE

### (Equitable Estoppel)

Vora states that PNC specifically failed to properly respond in a timely manner to Vora's estoppel correspondence concerning this matter despite multiple letters sent by USPS Certified and Express Mail, including, but not limited to, NOTICE OF DEMAND, NOTICE TO CLOSE ACCOUNT, NOTICE OF ESTOPPEL BY ACQUIESENCE, NOTICE OF DISPUTE, NOTICE TO CEASE AND DESIST, NOTICE OF DENIAL, NOTICE OF COMPLAINT FILED WITH CFPB, FIRST COMPLAINT FILED WITH CFPB, SECOND COMPLAINT FILED WITH CFPB, NOTICE OF VIOLATIONS OF THE FAIR CREDIT REPORTING ACT, NOTICE TO STOP THE HARASSMENT, NOTICE OF SUIT, AFFIDAVIT: VERIFICATION OF DEBT, and Vora's own AFFIDAVIT OF TRUTH.

## THIRD AFFIRMATIVE DEFENSE

### (Lack of Acceptance)

Vora states that no contract was formed because Vora was never explicitly provided full disclosure of ALL material and relevant facts of the terms and conditions of any applicable alleged signed effective credit agreement. Vora further states that there was no agreement between the parties of an account stated or open book after Vora provided NOTICE to PNC.

## FOURTH AFFIRMATIVE DEFENSE

### (No Damage to PNC)

Vora states that even if the claims by PNC are true, PNC did not suffer any damages (economic loss).

## FIFTH AFFIRMATIVE DEFENSE
### (Good Faith)

Vora states that PNC's claims are barred because Vora's conduct was at all times undertaken in good faith.

## SIXTH AFFIRMATIVE DEFENSE
### (No Causation)

Vora states that PNC is barred, in whole or in part, from recovering from Vora on any of PNC's claims because there is no causal relationship of any injury alleged to have been suffered and any act by Vora.

## SEVENTH AFFIRMATIVE DEFENSE
### (Fraud, Deceit, or Misrepresentation)

Vora states that PNC or PNC's assignor obtained Vora's consent to any alleged contract or transaction through fraud, deceit or misrepresentation by PNC or PNC's assignor, and that any alleged agreement falls under category of being "ultra vires" – VOID.

## EIGHTH AFFIRMATIVE DEFENSE
### (Additional Defenses Reserved)

Vora states that he has insufficient knowledge or information to form a belief to whether there may be additional, as yet unstated, defenses available. Vora reserves the right to assert additional defenses in the event discovery indicates that such defenses are appropriate.

WHEREFORE, based on the foregoing, Vora prays as follows:

1. That judgement be entered in favor of Vora and against PNC.
2. That PNC take nothing by way of its Counter Compl.

3. That Vora be awarded his costs.

4. For any further relief as the Court deems just and proper.

Respectfully submitted on this day of: June 22, 2020

By: _____Pritish Vora_____

Pritish Vora, Pro Se

27758 Santa Marg. Pkwy, #530

Mission Viejo, CA 92691

(949) 292-8359

pvora2112@gmail.com

## CERTIFICATE OF SERVICE

I certify that I filed the foregoing with Clerk of the Court on June 22, 2020, and a copy via United States Postal Service first class postage prepaid was mailed to the party below:

Cathy L. Granger, (CA Bar # 156453)
Wolfe &Wyman LLP
2301 Dupont Drive
Suite 300
Irvine, CA  92612
(949) 475-9200
clgranger@ww.law
Attorneys for PNC BANK, N.A.

*/s/ Pritish Vora*

Pritish Vora, Plaintiff, Pro Se
27758 Santa Marg. Pkwy, #530
Mission Viejo, CA  92691
949-292-8359
pvora2112@gmail.com

Vora's ANSWER and AFFIRMATIVE DEFENSES to PNC's Counter Compl.